IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARDIS J. THOMPSON, #680580,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:13-CV-1457-N-BK |
| | § | |
| MUNICIPALITY OF DALLAS, et al.,<br>    Defendants. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, a Texas state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983 against the Municipality of Dallas, the Dallas County Sheriff's Office, and Russ Henrichs. The undersigned granted Plaintiff's motion to proceed *in forma* pauperis, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed as frivolous.

### I.   BACKGROUND

In 1993, Plaintiff pled guilty to aggravated assault and was placed on ten years' deferred adjudication community supervision, also known as probation. *State v. Thompson*, No. F93-40918-J (Criminal Dist. Court No. 3, Dallas County, May 21, 1993). Then, in 1994, contemporaneously with a *nolo contendere* plea to new charge of aggravated robbery, the trial court revoked the probation, adjudicated Plaintiff guilty of aggravated assault, and sentenced him to life imprisonment in both cases. *State v. Thompson*, Nos. F93-45507-VJ and F93-40918-J (Criminal Dist. Court No. 3, Dallas County, Mar. 25, 1994), *aff'd* No. 11-94-110-CR (Tex. App.-- Eastland, July 6, 1995, no pet.). Subsequently, Plaintiff unsuccessfully challenged his aggravated robbery conviction in both state and federal court. *Ex parte Thompson,* No. 34,318-

01 (Tex. Crim. App. June 18, 1997) (denying state habeas relief); *Thompson v. Johnson*, No. 3:97-CV-2695-H (N.D. Tex., Dallas Div. Oct. 14, 1998) (dismissing federal petition as time barred), *denying certificate of appealability*, No. 98-11289 (5th Cir. 1999).[1]

In his *Complaint* and *Answers to the Magistrate Judge's Questionnaire*, Plaintiff requests monetary relief and a new trial because of "reckless indifference to [his] federally protected right's [*sic*]." (Doc. 1 at 4; Doc. 12, ans. 4). He alleges that in 1994, his court-appointed defense counsel permitted his aunt to testify that he did not want a trial." (Doc. 1 at 4; Doc. 12, ans. 7). Plaintiff states that he "does not remember the insident [*sic*] he was charged with and [has] no factual understanding of [the] proceedings against him" due to serious injuries to his head and abdomen. (Doc. 1 at 4; Doc. 12 at 5). He asserts that he was "not capable of choice decision's [*sic*]," resulting in a violation of his due process rights. (Doc. 1 at 4; Doc. 12, ans. 3-4). In addition, he alleges ineffective assistance of counsel and miscarriage of justice in connection with his criminal prosecution. (Doc. 12, ans. 3, 5-7).[2]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law

---

[1] **Error! Main Document Only.**The state court proceedings were verified through information available on the various state court's Internet web pages (Dallas County, Texas Court of Appeals, and Texas Court of Criminal Appeals).

[2] This action was initially filed in the United States District Court for the Southern District of Texas, Houston Division, and transferred to this Court.

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

Insofar as Plaintiff seeks a new trial on his state convictions, his request is not cognizable in this section 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 4889 (1973)) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").  Constitutional challenges to state court convictions are generally cognizable in federal habeas corpus actions. *See* 28 U.S.C. § 2254.

Moreover, the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge to Plaintiff's state convictions under section 1983.  In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

In this case, a ruling in Plaintiff's favor on the claims pled "would necessarily imply the invalidity of his conviction[s]." *Heck*, 512 U.S. at 487.  Thus, since no court has reversed or invalidated Plaintiff's aggravated assault and aggravated robbery convictions,[3] his claims are

---

[3] Unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's convictions, his claims are "not cognizable under [section] 1983." *Heck*, 512 U.S. at 487.

clearly barred by *Heck.* (Doc. 12, ans. 1, 2). Accordingly, Plaintiff's complaint should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

Notwithstanding *Heck*, the "Municipality of Dallas," as a local governmental entity, cannot be held liable under a *respondeat superior* theory. *See Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978) ("a local government may not be sued under [section 1983] for an injury inflicted solely by its employees or agents."). Plaintiff's pleadings are devoid of any allegations identifying a policy, custom, or persistent and widespread practice of the City of Dallas that resulted in the constitutional violations alleged in the complaint. (Doc. 12, ans. 5). In addition, Plaintiff may not bring a civil rights action against a servient political agency or department, such as the Dallas County Sheriff's Office, unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").

Finally, Plaintiff cannot satisfy the "under color of state law" requirement with respect to Defendant Henrichs, his former defense attorney, for acts and omissions during his state criminal prosecutions.[4] *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defender does not act under color of state law in representing a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (same as to court appointed attorney).

---

[4] To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Consequently, all claims against the Defendants lack any basis in law and should be dismissed as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** with prejudice as frivolous. S*ee* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

SIGNED June 12, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] Section 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."